UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

## LETTER OPINION

February 19, 2009

Luis A. Gonzalez
26785-050
Low Security Correctional Institution – Allenwood
P.O. Box 1000
White Deer, Pennsylvania 17887

    (*Pro Se Petitioner*)

Joseph N. Minish
Office of the U.S. Attorney
970 Broad Street
Suite 700
Newark, New Jersey 07102

    (*Attorney for Respondent*)

    **RE:**    Gonzalez v. United States
              Civ. No. 08-2657 (WJM)

Dear Counsel:

    This matter comes before the Court on *pro se* Petitioner Luis Gonzalez's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. There was no oral argument. Fed. R. Civ. P. 78. For the reasons stated below, the motion is **DISMISSED**

**WITH PREJUDICE** and the relief requested therein is **DENIED**.

**I.     BACKGROUND**

Luis Gonzalez was charged by information with conspiracy to distribute 1 kilogram or more of heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). Gonzalez's arrest came in November 2004, after federal drug enforcement agents executed a search warrant at a house in Clifton, New Jersey. During the search of this house, agents found, *inter alia*, over thirteen kilograms of heroin, $70,000, and Petitioner Gonzalez. (Pet'r's Br. 1). Subsequent to his arrest, Gonzalez spoke to the agents and admitted assisting in the processing of heroin at the Clifton house. *Id.* Further, Gonzalez told the agents that he was paid "anywhere between $300.00 and $500.00 per week." *Id.*

The Government offered Gonzalez a plea agreement, dated June 28, 2005, which Gonzalez rejected. (Resp't Br. 2). On February 14, 2006, Gonzalez pled guilty to the one-count information before this Court, without a plea agreement. The Court then sentenced Gonzalez to eighty-seven months in prison and three years of supervised release.

**II.    DISCUSSION**

28 U.S.C. § 2255 provides that a prisoner in custody under a sentence from a federal court may move the court that imposed the sentence to either vacate, set aside, or correct the sentence. A prisoner can challenge his or her sentence on the ground that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255.

Gonzalez's petition attacks his sentence on Fifth and Sixth Amendment grounds. The crux of Gonzalez's claim is that his attorney did not advise him of the full consequences of his plea. Accordingly, Gonzalez brings an ineffectiveness challenge, as well as a claim that his plea was not knowing and voluntary.

    **A.     Ineffective Assistance of Counsel**

Gonzalez first attacks his sentence on Sixth Amendment grounds, arguing that defense counsel was "deplorably ineffective" because she did not advise him fully as to the consequences of his plea and did not "protect his legal rights." (Pet'r's Br. 4). To set forth an ineffective assistance of counsel claim, petitioner is required to demonstrate that: (1) his attorney's performance was deficient, and (2) he was prejudiced by this deficiency.

2

*Strickland v. United States*, 466 U.S. 668, 687 (1984).

Gonzalez alleges that his attorney's performance was deficient because she failed to explain the consequences of accepting the plea agreement offered by the Government. Gonzalez states that the plea agreement exposed him to "open-ended liability" by waiving the statute of limitations for any criminal conduct deemed by the Government to be related to the original charges. (Pet'r's Br. 4).

As an initial matter, the Court notes that Gonzalez did not plead pursuant to a plea agreement. He rejected the Government's offer.[1] Consequently, Gonzalez's attempt to vitiate his sentence based on his lawyer's failure to explain the terms of the plea agreement must fail, as the agreement cited was not in effect.

Beyond his plea agreement allegations, Gonzalez also alleges that his attorney pressured him and overstated the benefits of pleading guilty. As such, Gonzalez contends that his attorney's performance fell below an "objective standard of reasonableness," *Strickland*, 466 U.S. at 688; however, he provides only vague and conclusory arguments in support of this claim. *See* Pet'r's Br. 5 ("A reasonable attorney would have properly and

---

[1] The Court engaged in a lengthy plea colloquy with Petitioner Gonzalez to ensure that he understood the nature of the rights he was foregoing as part of his plea. During this colloquy, Gonzalez represented to the Court that he understood that his plea was not pursuant to a plea agreement with the Government:

> "[The Court:]  So the plea agreement of June 28th, 2005 is void?
> [Defense Counsel:]  Yes, your Honor.
> [The Court:]  He never signed it?
> [Defense Counsel:]  There was a difficulty, and the defense wished to add a term in terms of arguments which the Government did not accept. And given the posture of the matter and given our agreement about certain facts, we wish to proceed without the plea agreement. Given the standing of the guidelines we perceive we'll be able to argue for below, firstly, the mandatory minimum after the probation report, and we wish to also make application to your Honor with regard to circumstances which we believe the Court should be aware of which also may mitigate sentence further.
> ...
> [The Court:]  Did you hear your lawyer, Mr. Gonzalez? Did you hear what she just said?
> [Gonzalez:]  Yes.
> [The Court:]  And do you understand what she just said, that you're offering this plea of guilty without any agreement between you and the Government as to what the parameters may be of your sentence or what the Government may do for you in return for your plea of guilty. Do you understand that?
> [Gonzalez:]  Yes, your honor." (Tr. 10-12).

3

accurately counseled his client regarding the consequences of pleading guilty, rather than effectively coercing his client to plead guilty.  A reasonable attorney would not misrepresent the benefits of pleading guilty or the risks associated with proceeding to trial.").

   Gonzalez provides no facts to substantiate that his attorney pressured him or made misrepresentations regarding his plea.  This is striking, given both the vagueness of his claims and the fact that they are belied by the record.  For example, under oath at his plea hearing, Gonzalez represented to the court that he was satisfied with his attorney's services.  *See* Tr. 4 ("[The Court:] You have an attorney, Ms. Richman.  Correct?  Are you satisfied with her services? [Gonzalez:]  Yes, your honor.").  Later at his plea hearing, Gonzalez informed the court that nobody forced, threatened, or coerced him to plead guilty:

> [The Court:]  No one is forcing you to plead guilty here today?
> [Gonzalez:]  Oh, no, no, your Honor.
> [The Court:]  Are you doing it of your own free will?
> [Gonzalez:]   Yes, your honor.

Tr. 12.[2]  As the Third Circuit has noted, "the representations of the defendant ... as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations made in open court carry a strong presumption of verity." *Zilich v. Reid*, 36 F.3d 317, 320 (3d Cir. 1994) (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)).

   To put forth a successful ineffective assistance of counsel challenge, "[a] convicted defendant ... must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690.  There is no evidence here, either put forth by Gonzalez or established in the record, to support Gonzalez's allegations about his attorney's performance.  Instead, the Court is left only with Petitioner's unspecific allegations in his motion and Petitioner's sworn statements to the contrary at his plea hearing.  Based on this evidence, there is no specific and credible evidence to support Petitioner's claims that his attorney pressured or coerced him to plead guilty.  Accordingly, as Petitioner has failed to demonstrate deficiency,[3] his ineffective

---

[2] *See also* Tr. 16 ("[The Court:] Nobody is forcing, threatening or coercing you to [give up your right to trial]? [Gonzalez:]  No, your honor.").

[3] In addition, the extensive plea colloquy, in which the Court explained the consequences of Gonzalez's plea, negates any inference of prejudice that could arise from Gonzalez's allegations about his attorney's performance.  *See United States v. Shedrick*, 493 F.2d 292, 299-300 (3d Cir. 2007).

4


assistance of counsel claim fails.[4]

### B. Voluntariness of Petitioner's Plea

Next, Petitioner argues that his plea was neither knowing nor voluntary, in contravention of the Fifth Amendment. Again, Petitioner claims that his attorney unduly pressured him to enter a guilty plea.

In order for a guilty plea to comport with the requirements of the Due Process Clause of the Fifth Amendment, it must be knowing, voluntary and intelligent. *Bousley v. United States*, 523 U.S. 614, 618-19, 118 S.Ct. 1604 (1998). To that end, Fed. R. Crim. P. 11 provides that: "[b]efore the court accepts a plea of guilty ... the court must inform the defendant of, and determine that the defendant understands ... the right to plead not guilty, or having already so pleaded, to persist in that plea." Fed. R. Crim. P. 11(b). As the Third Circuit has noted, "A habeas petitioner challenging the voluntary nature of his or her guilty plea faces a heavy burden. The plea colloquy is designed to uncover hidden promises or representations as to the consequences of a guilty plea." *Zilich*, 36 F.3d at 320.

As noted above, the Court engaged in a lengthy plea colloquy with Petitioner, during which Petitioner affirmed that no one was forcing him to plead guilty:

> [The Court:] No one is forcing you to plead guilty here today?
> [Gonzalez:] Oh, no, no, your Honor.
> [The Court:] Are you doing it of your own free will?
> [Gonzalez:] Yes, your Honor.
> [The Court:] You fully understand by pleading guilty here today you're exposing

---

[4] In the section of his brief devoted to his Fifth Amendment voluntariness argument, Petitioner asserts that his attorney's performance on direct appeal was deficient since she filed an *Anders* brief. (Pet'r's Br. 7). This argument appears to be intended as an additional Sixth Amendment ineffectiveness challenge and fails like the other Sixth Amendment claims. The filing of an *Anders* brief is not, in and of itself, indicative of deficiency or prejudice under *Strickland*. Under *Anders*, counsel should request permission from the court to withdraw if, after a conscientious examination of the case, counsel finds an appeal to be wholly frivolous. *Anders v. California*, 386 U.S. 738, 87 S.Ct.1396 (1967). Here, the Third Circuit determined that Gonzalez's attorney properly filed an *Anders* brief. *See United States v. Gonzalez*, 274 Fed.Appx. 222 (3d Cir. Apr. 18, 2008) ("Our review reveals defense counsel thoroughly considered all plausible bases for appeal and set forth in the Anders brief why such issues were legally frivolous. ... Based on our own examination of the record, we conclude that counsel satisfied the requirements of Third Circuit Local Appellate Rule 109.2(a) under *Anders*.).

5

>yourself to a sentence of a minimum of 10 years and a maximum of life in prison. Do you understand that?
>[Gonzalez:] Yes.

Tr. 12.[5] Further, Petitioner stated that he was satisfied with his representation. *See* Tr. 4.

In spite of this, Petitioner alleges that his attorney misled him as to the risks associated with pleading guilty; however, Petitioner provides no specific facts to support this claim. *See Zilich*, 36 F.3d at 320. "A petitioner challenging the voluntary nature of a facially valid guilty plea based on unfulfilled promises or representations by counsel must advance specific and credible allegations detailing the nature and circumstances of such promises or representations." Since Petitioner has presented no specific and credible allegations to rebut the sworn affirmations he made to the Court during his plea colloquy, his Fifth Amendment challenge fails.

### C. Request for an Evidentiary Hearing

Finally, Petitioner requests an evidentiary hearing on his motion. His petition advances no facts, only vague allegations; as such, in the absence of disputed facts, an

---

[5] Gonzalez re-affirmed several times during the plea colloquy that he was pleading on his own accord and that he understood the nature and consequences of his plea:

>[The Court:] And by proceeding the way you are today, by offering a plea of guilty to what's called this Information, you're giving up that right to have the matter considered by a federal grand jury. Do you understand that?
>[Gonzalez:] Yes.
>[The Court:] And what you're really giving up, Mr. Gonzalez, is ... the right to have it considered by a grand jury. And sometimes a grand jury will say to the Government, we don't think you have enough evidence to charge this person. That happens on occasion. And by proceeding the way you are today you're giving up that right. Do you understand that?
>[Gonzalez:] Yes, your Honor.
>[The Court:] And you're doing that voluntarily and knowingly now that I've explained it that right to you?
>[Gonzalez:] Yes, your Honor.
>[The Court:] Have you gone over this with your lawyer and has she discussed this right with you before today?
>[Gonzalez:] Yes, your honor.
>[The Court:] No one is forcing you or threatening or coercing you to give this up?
>[Gonzalez:] No, your honor.

Tr. 5-6. *See also* Tr. 6, 16, 17.

evidentiary hearing is unnecessary. In addition, the motions, files, and records of the case show conclusively that Gonzalez is not entitled to relief. *United States v. Booth*, 432 F.3d 542, 546 (3d Cir. 2005). Accordingly, the Court denies his request for a hearing.

### III.     CONCLUSION

For the foregoing reasons, Gonzalez's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is hereby **DISMISSED WITH PREJUDICE** and the relief requested therein is **DENIED**. An appropriate Order accompanies this Letter Opinion.

    /s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**